IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHA OVIEDA, both individually and on behalf of themselves and all other similarly situated current and former employees of SODEXO OPERATIONS, LLC; SODEXO INC. and AFFILIATED COMPANIES<br><br>Plaintiffs,<br>v.<br><br>SODEXO OPERATIONS, LLC, et al.,<br><br>Defendants. | No. C 11-04191 SI<br><br>**ORDER TRANSFERRING ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA** |

Currently before the Court are defendants' motion to transfer this case and motion to dismiss. The motions are currently scheduled for hearing on March 2, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing.[1]  Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion to transfer this case to the Central District of California and defers ruling on the motion to dismiss so that it can be decided by the transferee Judge in the Central District.

**BACKGROUND**

Plaintiff filed this putative class action on August 24, 2011, asserting causes of action under California law for wage and hour violations. Jurisdiction was alleged under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Defendants Sodexo Operations, LLC and Sodexo, Inc. have moved to transfer venue to the Central District of California, arguing that the convenience of the parties weighs

---

[1] The Case Management Conference scheduled for March 2, 2012 is also VACATED.

strongly in favor of a transfer to the Central District because over 56% of defendants' California employees during the time frame worked in the Central District and because three related class actions (including one litigated by plaintiff's counsel in this case) have been litigated in the Central District. In the alternative, defendants argue that transfer to the Eastern District of California is appropriate because that is where plaintiff lives and worked for Sodexo, and because hard copy documents as well as witnesses regarding plaintiff's working conditions are located in the Eastern District. Defendants also move to dismiss the case, arguing that plaintiff has failed to state any claim for wage and hour violations, as well as her entitlement to proceed as a class action, because the complaint is devoid of any facts and relies only on recitations of legal standards to support her claims.  Plaintiff opposes both motions.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). If the forum is found to be inconvenient under 28 U.S.C. § 1404(a), the remedy is transfer, not dismissal. *See Collins v. American Auto. Ins. Co.*, 230 F.2d 416, 418 (2d Cir.1956).

A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000). To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp*., 820 F. Supp. 503, 506 (C.D. Cal.1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a) and in relevant case law.  Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses and will

promote the interests of justice: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

**DISCUSSION**

Defendants have demonstrated that venue would be proper in this District, and that the Central District is one where the action might have originally been brought, given defendants' activities in that district. *See, e.g.,* Motion at 6-7.[2] The issue, therefore, is whether transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. Plaintiff does not dispute that over 65% of the employees covered by her putative class action – representing 44.29% of defendants' work units – worked in the Central District during the time frame in question. Declaration of Kelly Barbary, ¶ 10. Given that plaintiff's claims hinge on the actual working conditions of those employees in those work units, the convenience of the parties, the convenience of the witnesses, and access to relevant evidence all weigh in favor of transfer to the Central District.

The normal counterbalance to these factors – the strong weight afforded to plaintiff's choice of forum – is absent here because plaintiff has *no* connection to this forum. She did not live or work in this forum during her employment with defendant and has no current connection to this forum. Plaintiff's arguments against transfer to the Central District – where plaintiff's current counsel litigated a substantially similar case with a different named plaintiff, and where the class claims were dismissed over plaintiff's objections – indicates that plaintiff's counsel may be engaged in forum shopping. This concern is heightened by the fact that plaintiff also opposes transfer to the Eastern District of California, where plaintiff lives and worked, despite the fact that a higher percentage of defendants' employees worked in the Eastern District than in the Northern District. Barbary Decl., ¶ 10. In these

---

[2] Defendants also note that at least three similar wage and hour class action cases against Sodexo have been litigated recently in the Central District. *See Melissa Torres v. Sodexo, Inc*., U.S.D.C., C.D. Cal., No. CV-09-1324-R (JTLX); *Rosa Cortez v. Sodexo, Inc*., U.S.D.C., C.D. Cal., No. CV-10-2377-R (Rcx); *Luz Maria Ortiz v. Sodexo*, U.S.D.C., C.D. Cal., No. CV-10-04158 (Rcx).

circumstances, the Court will afford no deference to plaintiff's choice of forum. *See, e.g., Foster v. Nationwide Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 95240, *5-8 (N.D. Cal. Dec. 14, 2007).

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to transfer and orders this case transferred to the Central District of California. The Court defers ruling on the motion to dismiss so that it can be decided by the transferee Judge in the Central District.

**IT IS SO ORDERED.**

Dated: February 28, 2012

SUSAN ILLSTON
United States District Judge